IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEREIRA PROPERTY, LLC, | No. C 06-03830 SI |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |
| v. | |
| GEORGE SOEHNGEN, et al., | |
| Defendants. | |

Now before the Court is plaintiff's motion to remand this action to state court. Pursuant to Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument. Having considered the papers submitted, the Court hereby GRANTS plaintiff's motion and REMANDS this action to state court.

This action was brought in California state court as an unlawful detainer action. Defendant subsequently removed the action to federal court, claiming that this Court had jurisdiction for a variety of reasons, the most prominent of which was a section of the Civil Rights Act of 1866 that was amended long ago. Plaintiff moved to remand. Although it appeared that the Court did not possess jurisdiction over this case, the Court provided defendant with the opportunity to respond to plaintiff's motion because he was proceeding *pro se*, setting a deadline of July 28, 2006, for defendant's response. Unfortunately, the Court's order did not reach defendant; although it was mailed to the address defendant had included on his notice of removal, that address was incorrect. Thus, the first defendant learned of the deadline for his opposition brief was when he was served with a short reply brief on August 1, 2006.

On August 3, 2006, defendant filed a number of documents with the Court. Foremost among

them was an *ex parte* application for an order extending time to file his opposition brief, based upon his failure to receive this Court's order. Despite the fact that three weeks had passed since plaintiff filed its motion to remand, defendant requested an additional two weeks in which to research and write his opposition. At the same time as he requested this additional time, defendant also filed a number of other documents with the Court, which he claimed to have written overnight: a notice of change of address; a motion to vacate a default judgment entered in the state court action and a corresponding *ex parte* application for an order shortening time to hear that motion; a motion for a more definite statement; and proposed orders.[1]

The Court DENIES defendant's application for an order extending time to file his opposition brief. Plaintiff has intimated that defendant's removal of this action was solely for purposes of delay and therefore requested that its motion to remand be heard on a tightened schedule. Despite this fact, more than three weeks have passed since plaintiff filed its motion to remand – under an ordinary briefing schedule, defendant's opposition would have been due today, August 4, 2006. The fact that defendant seeks an additional two weeks in which to file his opposition brief indicates to the Court a lack of diligence on his part. Further, the fact that defendant was able to file nine separate documents with this Court on very short notice further indicates that three weeks was ample time in which to prepare an opposition brief.

The Court has reviewed defendant's notice of removal and finds that it lacks jurisdiction over this case. The statute under which defendant removed this case, the Civil Rights Act of 1866, is now codified at 28 U.S.C. § 1443(1). *See generally State of Ga. v. Rachel*, 384 U.S. 780 (1966) (describing evolution of 28 U.S.C. § 1443 from Civil Rights Act of 1866). That section allows a defendant to remove an action from state court only when he is "denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). Defendant has made no attempt to show that he has been denied such a right in this case. Indeed, defendant does not even base his removal on the current text of § 1443(1), but instead relies on the original text of the Civil Rights Act.

---

[1] These documents have been served upon chambers, but do not yet appear on the Court's docket.

For the Northern District of California

1  Accordingly, the Court finds that it lacks jurisdiction over this case, and therefore REMANDS
2  the case to state court.

## CONCLUSION

For the foregoing reasons and for good cause shown, plaintiff's motion to remand to state court is GRANTED for lack of jurisdiction.  Plaintiff's motion for an award of fees and costs is DENIED.

**IT IS SO ORDERED.**

Dated: August 4, 2006

SUSAN ILLSTON
United States District Judge